UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QIUORDAI LEWIS TAYLOR,

          Petitioner,

   v.

KARIN ARNOLD,

          Respondent.

Case No. C25-5265-TL-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

Petitioner Qiuordai Taylor is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from the judgment and sentence entered in Pierce County Superior Court case number 14-1-04698-9. (*See* dkt. # 4 at 1.) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed as untimely.

## II.  DISCUSSION

The Court received Petitioner's federal habeas petition for filing on March 26, 2025. (*See* dkt. # 1.) Petitioner indicates in his petition that his judgment of conviction was entered on September 14, 2018, and he identifies two grounds for relief from that judgment. (*See* dkt. # 4 at

REPORT AND RECOMMENDATION
PAGE - 1

1, 5, 7.) Petitioner asserts in his first ground for relief that his rights under the Double Jeopardy Clause were violated, though the precise nature of the claim is unclear because Petitioner does not allege any facts in support of this claim. (*See id.* at 5.) Petitioner asserts in his second ground for relief that his Eighth Amendment rights were violated when the trial court failed to take into consideration at sentencing Petitioner's youth at the time the crime was committed. (*See id.* at 7; dkt. # 8 at 2).[1]

After initially reviewing Petitioner's petition, this Court determined that the petition was likely time barred under the statute of limitations applicable to federal habeas petitions, 28 U.S.C. § 2244(d)(1). Thus, on April 4, 2025, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court noted therein that: (1) a one-year statute of limitations applies to federal habeas petitions; (2) Petitioner's judgment of conviction became final for purposes of calculating the federal statute of limitations on January 5, 2021; (3) it did not appear Petitioner was entitled to any statutory or equitable tolling of the limitations period; and (4) the statute of limitations appears to have expired on or about January 6, 2022, over three years before Petitioner's federal habeas petition was received for filing. (*See id.*)

On April 11, 2025, Petitioner filed a response to the Order to Show Cause. (Dkt. # 8.) Petitioner argues in his response that under state law, RCW 10.73.100(7), the one-year time bar does not apply to his Petition because his claim that the trial court failed to consider his youth at sentencing is based upon a significant change in the law. (*Id.* at 2.) In support of this argument, Petitioner cites to the Washington Supreme Court's decision in *State of Washington v. Zyion Houston-Sconiers*, 188 Wn.2d 1 (Wash. 2017), in which the court held that, consistent with the

---

[1] Petitioner avers that he was 17 years old at the time the crime of which he was convicted was committed. (Dkt. # 4 at 7; dkt. # 8 at 2.)

REPORT AND RECOMMENDATION
PAGE - 2

Eighth Amendment, "[t]rial courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable [Sentencing Reform Act] range and/or sentence enhancements." *Id.* at 21.

Petitioner is correct that, in accordance with state law, the time limit specified in RCW 10.73.090 does not apply to a petition or motion seeking to collaterally attack a judgment and sentence in a criminal case if there has been a significant change in the law material to the conviction or sentence, and the retroactive application of the law has been authorized by the legislature or a court. *See* RCW 10.73.100(7). However, the fact that any collateral attack on Petitioner's 2018 judgment and sentence may be, or in his view should be, exempt from the state statute of limitations is irrelevant to the question of whether Petitioner's § 2254 petition was timely filed under the federal statute of limitations, 28 U.S.C. § 2244(d)(1).

Petitioner makes no showing that his federal habeas petition was timely filed in accordance with the provisions of § 2244(d)(1), nor does he make any effort to demonstrate that he is entitled to any tolling of the one-year federal limitation period. As the record makes clear that Petitioner presented his federal habeas petition to the Court for filing over three years after the federal statute of limitations expired, his petition is time-barred and must therefore be dismissed.

### III.  CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made

"a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

      Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 3, 2025**.

      DATED this 13th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge