UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QIUORDAI LEWIS TAYLOR,<br><br>                      Petitioner,<br>    v.<br><br>KARIN ARNOLD,<br><br>                      Respondent. | CASE NO. 3:25-cv-05265-TL<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter is before the Court on the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 9) and Petitioner Qiuordai L. Taylor's objections to the Report and Recommendation (Dkt. No. 10). Having reviewed the Report and Recommendation, Petitioner's objections, and the remaining record, the Court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation and OVERRULES the objections.

//

//

## I. BACKGROUND

On March 28, 2025, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 4. The petition raises two issues: (1) double jeopardy clause of the Fifth Amendment; and (2) relief from judgment pursuant to Local Criminal Rule 7.8 under the Eight Amendment. *Id.* at 6, 8.

On April 4, 2025, Judge Peterson issued an Order to Show Cause as to why Petitioner's claims were not time barred. Dkt. No. 7. Petitioner filed a response on April 11, 2025, asserting that: (1) the Fifth Amendment bars punishment of a person multiple times for the same offense; (2) the Eighth Amendment bars cruel and unusual punishment; (3) the Fourteenth Amendment provides equal protection and due process; and (4) the Washington State Constitution protects against multiple punishments for the same offense. Dkt. No. 8 at 1–2. Petitioner further asserted that the one-year time limit did not apply when there has been a significant change in law, and that the time bar was inapplicable here because the decision in *Washington v. Zyion Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), was a significant change in law that applied to him. Dkt. No. 8 at 2.

Judge Peterson issued a Report and Recommendation on May 13, 2025. Dkt. No. 9. Petitioner filed timely objections to the Report and Recommendation. Dkt. No. 10.

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on "applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B); *see also* Rule 8(b) of the Rules Governing § 2254 Cases ("A judge may . . . refer the petition to a magistrate judge to conduct hearings and to file

---

[1] Plaintiff file a proposed petition on March 26, 2025 (Dkt. No. 1) but did not pay the filing fee until March 28, 2025, at which time his petition was docketed.

proposed findings of fact and recommendations for disposition."); Rule 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *accord* Rule 8(b). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### III.   DISCUSSION

Judge Peterson recommends that Petitioner's case be dismissed with prejudice without leave to file an amended petition because "Petitioner presented his federal habeas petition to the Court for filing over three years after the federal statute of limitations expired, [therefore,] his petition is time-barred." Dkt. No. 9 at 3. Further, Judge Peterson points out that Petitioner did "not make any effort to demonstrate that he is entitled to any tolling of the one-year federal limitation period." *Id.*

A.   **Double Jeopardy**

Petitioner's objection attempts to re-argue the merits of the double-jeopardy issue. *See* Dkt. No. 10 at 2–3. Petitioner continues to question whether the trial court violated the double-jeopardy rule when it convicted him of second-degree assault and first-degree robbery. *Id.* at 2. Petitioner raised this issue on appeal, and on January 23, 2018, the Washington Court of Appeals rejected his argument that the separate convictions for the knife assault and first-degree robbery violated due process. *State v. Taylor* ("*Taylor I*"), 2 Wn. App. 2d 1015, 2018 WL 509086, at *17 (2018). On June 6, 2018, the Washington Supreme Court denied his petition for review of the Court of Appeals decision. *State v. Taylor* ("*Taylor II*"), 190 Wn.2d. 1022 (2018) (denying

review of *Taylor I* decision). Petitioner then appealed his judgment and sentence, arguing that he was entitled to another remand for resentencing because the sentencing court had abused its discretion by failing to conduct a full resentencing hearing. *State v. Taylor* ("*Taylor III*"), 13 Wn. App. 2d 1049, 2020 WL 2126517 (2020). The Court of Appeals held that he was not entitled to a full resentencing on remand. *Id.* at *3. On October 7, 2020, the Washington Supreme Court denied his petition for review. *State v. Taylor* ("*Taylor IV*"), 196 Wn.2d 1012 (2020) (denying review of *Taylor III* decision).

However, the issue with respect to the double-jeopardy claim is whether Petitioner timely filed his federal habeas petition in accordance with the provisions of 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed by persons in custody pursuant to a state-court judgment. *See* 28 U.S.C. § 2244(d)(1). As more fully explained in Judge Peterson's Order to Show Cause, "[i]t [ ] appears Petitioner's conviction became final for purposes of § 2244(d) on or about January 5, 2021. Petitioner's one year statute of limitations would have begun to run the following day . . . , and would have expired one year later, on or about January 6, 2022." Dkt. No. 7 at 2–3. Petitioner filed the instant petition in March 2025, over three years after the statute of limitation had run. The Court agrees with the Report and Recommendation that Petitioner neither makes any showing that his federal habeas petition on the double-jeopardy claim was timely filed, nor demonstrates that he is entitled to any tolling of the one-year federal limitation period. Therefore, his petition with regard to the double-jeopardy claim is time-barred and must be dismissed.[2]

---

[2] Both in his response to the Order to Show Cause and in his objections, Petitioner cites the decision in *Washington v. Zyion Houston-Sconiers* (Dkt. No. 8 at 2; Dkt. No. 10 at 3), where the Washington Supreme Court held that under the Eighth Amendment, "[t]rial courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable [Sentencing Reform Act] range and/or sentence enhancements." 188 Wn.2d at 21. However, *Houston-Sconiers* has no bearing on Petitioner's double-jeopardy

ORDER ON REPORT AND RECOMMENDATION - 4

B.     **Request for Relief from Judgment**

Petitioner states that he was 17 years old when he was charged and 18 years old when he was convicted. Dkt. No. 10 at 4. In *Taylor I*, the Washington Court of Appeals remanded the case for resentencing due to errors with sentencing enhancements that had been applied by the trial court. 2018 WL 509086, at *20. At the resentencing hearing, Petitioner's counsel raised the change in the law resulting from *Houston-Sconiers* and requested to address the possibility of a downward exception based on youthful mitigating factors. Dkt. No. 10 at 4–5. The sentencing court declined to do so. *Id.* at 5; *see also Taylor III*, 2020 WL 2126517, at *2. Petitioner appealed, asserting that the sentencing court had abused its discretion by failing to conduct a full resentencing hearing and consider his youthfulness when imposing enhancements. *Taylor III*, 2020 WL 2126517, at *2. The Court of Appeals held that the sentencing court did not abuse its discretion when it followed the mandate of the court and addressed only the enhancements issue on remand, *id.* at *3, and the Washington Supreme Court denied a petition for review, *Taylor IV*, 196 Wn.2d 1012.

On September 6, 2023, Petitioner filed a motion in Pierce County Superior Court for hearing to address relief from judgment. Dkt. No. 4 at 8. It appears that, with regard to the motion, Petitioner has received neither a hearing nor a decision. *Id.* at 9. While the petition states that Petitioner "filed a writ of mandamus to the Washington State Supreme Court concerning my collateral attack issues," *id.* at 6, it is unclear if this is referencing his appeals (*Taylor I–IV*) or a separate request regarding the motion for a hearing currently pending before the Pierce County Superior Court. However, as there has been no decision from Pierce County Superior Court on the pending motion (and the Court could find no record of any action involving Petitioner before

---

argument. Even it were somehow relevant, that decision was issued in 2017, seven years before Petitioner filed his petition.

the Washington Supreme Court other than *Taylor II* and *Taylor IV*), the request for review from federal court in this habeas petition is premature. *See Brown v. Atchley*, 76 F.4th 862, 872 (9th Cir. 2023) (holding that claims raised in federal habeas petition with regard to resentencing issues did not become ripe until Petitioner's application for resentencing was denied).

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1)    The Court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation.

(2)    Petitioner's objections are OVERRULED.

(3)    The Court DISMISSES WITH PREJUDICE Petitioner's petition for writ of habeas corpus (Dkt. No. 4) with respect to the double jeopardy claim as untimely under 28 U.S.C. § 2244(d)(1) and DISMISSES WITHOUT PREJUDICE Petitioner's claim with respect to the motion for relief from judgment as premature.

(4)    In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(5)    The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

Dated this 9th day of June 2025.

Tana Lin
United States District Judge